**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| v. | : | NO. 08-201-2 |
| | : | |
| DAVID LEE SPIKES, | : | |
| Defendant. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                   SEPTEMBER 14, 2015

      David Lee Spikes pled guilty on December 2, 2008, to three counts of aiding and abetting Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a)(2), and to two counts of aiding and abetting the use or carrying of firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Nearly seven years after his guilty plea, Mr. Spikes has filed two motions, one asking the Court to take judicial notice of various documents relating to his criminal case, and another which he calls a motion for "Fraud Upon the Court" under Federal Rule of Civil Procedure 60(d)(3). For the reasons discussed below, Mr. Spikes's motions will be denied and transferred to the Third Circuit Court of Appeals as applications to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**I.        Factual and Procedural Background**

      A Grand Jury's Superseding Indictment charged Mr. Spikes with three counts of violating, and aiding and abetting a violation of, 18 U.S.C. § 1951(a) (interference with commerce by robbery), and three counts of violating, and aiding and abetting a violation of, 18 U.S.C. § 924(c)(1) (using and carrying a firearm during and in relation to a crime of violence).

These charges arose from armed robberies at three pharmacies. On December 2, 2008, Mr. Spikes pleaded guilty to five of the six charges pursuant to a written Plea Agreement.

On September 3, 2009, the Court imposed a sentence of 204 months' imprisonment and ordered Mr. Spikes to pay $41,781 in restitution. Specifically, Mr. Spikes was sentenced to 84 months on Counts 1, 3, and 5 (aiding and abetting robbery), to be followed by two successive 60-month sentences on Counts 2 and 4 (brandishing a gun during a crime of violence). Mr. Spikes was also sentenced to three years of supervised release on Counts 1, 3, and 5, and five years of supervised release on Counts 2 and 4, all to run concurrently. *See* Judgment, Docket No. 161.

Mr. Spikes filed his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence on September 17, 2010. He argued that he merited relief under § 2255 for (a) his defense counsel's supposed ineffective assistance, (b) the prosecution's misconduct, and (c) the Government's alleged unlawful inducement of his guilty plea. In its opposition, the Government argued that Mr. Spikes's Motion must be dismissed because he had entered into his Plea Agreement knowingly and voluntarily, because the Plea Agreement contains a waiver of direct and indirect appellate rights, and because no part of Mr. Spikes's Motion proceeded down the limited avenues for appeal left available, given Mr. Spikes's agreement to the waiver provision in his Plea Agreement. Because, as the Government argued, Mr. Spikes knowingly and voluntarily waived his right to collaterally attack his sentence by § 2255 Motion, and because enforcing it would not work a miscarriage of justice against him, the Court enforced the waiver provision and denied Mr. Spikes's § 2255 Motion.

Now Mr. Spikes attempts to bring a motion for "fraud upon the court" under Federal Rule of Civil Procedure 60(d)(3), citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). Essentially, Mr. Spikes claims that the Assistant United States Attorney who prosecuted

his case "intentionally [misled] the court and the grand jury by deliberately misrepresenting evidence necessary to obtain the superseding indictment," that she similarly lied to the Court during pretrial proceedings, and that she filed a motion with false statements during appellate proceedings in this matter. *See* Def.'s Rule 60(d)(3) Mot., Docket No. 287, at 2.[1]  He asks that the Court take "judicial notice" of various documents related to his criminal case, vacate his sentence, dismiss the indictment against him, and take disciplinary action against the Assistant United States Attorney.  Because Mr. Spikes cannot escape the fact that this filing is simply an attempt to file a second or successive § 2255 motion, the Court will deny the motion.[2]

## II.   Discussion

In *Hazel-Atlas*, 322 U.S. 238, the Supreme Court held that a federal court could grant relief in equity from the court's own prior final judgment under certain rare circumstances, including when there is "after-discovered fraud."  *Id.* at 244.[3]  A *Hazel-Atlas* claim for fraud requires clear and convincing evidence that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."  *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005).  *Hazel-Atlas*, however, concerned fraud on the court in the context of a civil case.  The Third Circuit Court of Appeals held in *United States v. Washington*, 549 F.3d 905 (3d Cir. 2008), that, while in civil actions the court has long

---

[1] Mr. Spikes made some of the same allegations of prosecutorial misconduct in his § 2255 motion.

[2] By doing so on the stated grounds, the Court does not mean to suggest – and indeed specifically eschews any such suggestion – that the accusation(s) against Government's counsel have any merit.

[3] The Court notes that although Mr. Spikes calls his motion a motion under Federal Rule of Civil Procedure 60(d)(3), "Rule 60[d] merely reserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity," *i.e.*, Rule 60(d) does not itself offer the authority to bring an independent action to attack a judgment.  *See* 12 James W. Moore, *Moore's Federal Practice* § 60.80 (3d ed. 2007).  Thus, the discussion here centers on *Hazel-Atlas* and its progeny, the authority under which Mr. Spikes seeks to attack his sentence and the judgment against him.

exercised "an inherent power to vacate its own judgment when the judgment was procured by fraud on the court," the same is not true in criminal actions. *Id.* at 911. The *Washington* court found that even if "federal courts ever had the inherent power to vacate criminal sentences that were procured by fraud, '[w]hatever the scope of this "inherent power," . . . it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure.,'" and that therefore the only ways to modify or vacate a sentence after the fact are those explicitly provided by statutes and the Federal Rules of Criminal Procedure. *Id.* at 917 (quoting *Carlisle v. United States*, 517 U.S. 416, 426 (1996)).

Even if this Court is permitted to consider whether Mr. Spikes can meet the exacting standards of *Hazel-Atlas* and its progeny, however, the initial question is whether this Court has jurisdiction to consider the merits of Mr. Spikes's motion. The Third Circuit Court of Appeals has yet to issue a precedential opinion on whether a post-conviction motion for relief from judgment under *Hazel-Atlas* should be treated as a § 2255 motion. Indeed, as noted by another court in this District, the Third Circuit Court of Appeals' analysis of this issue in non-precedential opinions "has run the gamut." *See United States v. Rodriguez*, Criminal Action No. 98-362-12, 2012 WL 162297, at *5 (E.D. Pa. Jan. 18, 2012) (discussing non-precedential Third Circuit opinions that range from classifying a *Hazel-Atlas* motion as distinct from a § 2255 motion to suggesting that *Hazel-Atlas* motions are equivalent to § 2255 motions). This question is crucial here – if the *Hazel-Atlas* motion is treated like a § 2255 motion, it is a second or successive petition, and Mr. Spikes must procure a certificate of appealability from the Third Circuit Court of Appeals before this Court can consider the merits. If it is not, the Court may consider the merits now, including whether Mr. Spikes waived a challenge like the one he attempts to mount when he accepted his plea agreement.

4

Given the confusion created by the arguably conflicting signals sent by the Third Circuit as to how to classify a *Hazel-Atlas* motion when it may impact a previous criminal proceeding, the *Rodriguez* court looked to the jurisprudence surrounding Federal Rule of Civil Procedure 60(b) motions, a similar vehicle for attacking a judgment and one with a much more settled body of case law. *See Rodriguez*, 2012 WL 162297, at *5. First, the Court must determine whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-conviction relief proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-36 (2005). If it attacks the former, it is treated as a collateral attack on the conviction, and is subject to the limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 531; *see also Nicholas v. Patrick*, Civ. A. 06-1680, 2015 WL 2236674, at *1-2 (E.D. Pa. May 11, 2015) ("The Court must first determine whether petitioner's *Hazel–Atlas* Motions are in essence second or successive habeas petitions."). Making this distinction is particularly appealing in this context, given the Third Circuit Court of Appeals' clear signal in *Washington* that *Hazel-Atlas* motions may not be used to attack judgments in criminal proceedings beyond what is permitted by statute and procedural rule. Indeed, the holding in *Washington* suggests that a *Hazel-Atlas* motion attacking a conviction or sentence would be subject to the same statutory restrictions as any other collateral attack on a criminal conviction or sentence, including the AEDPA.

Here, it is quite clear that Mr. Spikes seeks to attack his guilty plea and sentence, not any collateral proceedings in this case. His complaint boils down to one of prosecutorial misconduct, and for relief, he seeks to have his sentence vacated and the indictment dismissed. Thus, he directly attacks the criminal proceeding, not the § 2255 civil proceeding, with his Rule 60(d)(3) motion, and the Court must dismiss his claim, without prejudice to renew it should the Third

Circuit authorize the filing of a second or successive petition. Because the Court has no jurisdiction to rule on the merits of Mr. Spikes's Rule 60(d)(3) motion, the Court will deny the related motion for judicial notice as moot.

**III.    Conclusion**

For the reasons discussed above, Mr. Spikes's motion for fraud upon the Court is dismissed without prejudice for lack of subject matter jurisdiction, and transferred to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as an application to file a second or successive § 2255 motion. Mr. Spikes's motion for judicial notice is deemed moot. An appropriate order follows.

BY THE COURT:

 /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge